UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **TERRY A. LEWIS** | * | **CIVIL ACTION NO. 09-0332**<br>Section P |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **MOREHOUSE DETENTION CENTER, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are motions for entry of default [doc. # 20] and for default judgment [doc. # 21] filed by pro se plaintiff Terry A. Lewis.  For reasons set forth below, it is recommended that the motions be DENIED, and that defendant, Morehouse Parish Detention Center, be DISMISSED from the case.

### Discussion

Pro se plaintiff Terry A. Lewis, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on February 27, 2009.  Plaintiff is an inmate at the David Wade Corrections Center, in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC").  He contends that in July 2008, he was the victim of excessive force while incarcerated at the Morehouse Parish Detention Center ("MPDC").  He named Sgt. Clacks, Cpl. Black, and Assistant Warden Brown as defendants, and included the MPDC in the caption of his complaint.

Following initial review, the court ordered service upon the individual defendants,

Clacks, Black, and Brown, only. *See* September 21, 2009, Memorandum Order [doc. # 9]. On October 29, 2009, the U.S. Marshal Service filed returns of service indicating that it had served the individual defendants on October 26, 2009. [doc. #s 11-13]. Accordingly, the individual defendants' responsive pleadings were due by November 16, 2009. However, when this deadline lapsed without any appearance by the individual defendants, plaintiff eventually secured a Clerk's entry of default against them [doc. # 17], and then filed the instant motion for default judgment [doc. # 21] on April 8, 2010. At the same time, plaintiff also requested entry of default against nominal defendant, the MPDC. [doc. # 20].

On April 22, 2010, the three individual defendants finally appeared in this matter by filing a motion to set aside the entry of default, along with their proposed answer. [doc. #s 24 & 23]. In their motion, defendants explained that they had not heretofore appeared because they had never been personally served. Finding good cause for defendants' failure to timely file responsive pleadings, the undersigned granted defendants' motion to set aside the entry of default. (April 26, 2010, Order [doc. # 25]). Having set aside the Clerk's entry of default against the individual defendants, plaintiff now lacks the requisite foundation for a default judgment against them. *See Gilbert v. Eckerd Drugs*, 1998 WL 388567 (E.D. La. July 8, 1998) (entry of default from Clerk of Court is prerequisite to default judgment).

With regard to plaintiff's request for a Clerk's entry of default against the MPDC, the undersigned observes that the court did not order service for the MPDC, and thus, there is no indication that the MPDC has ever been served. Of course, a defendant's duty to defend a suit does not arise until "he has been served with process and properly brought before the court." *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, 811 F.2d 278, 282 (5th Cir. 1987).

Accordingly, entry of default is not warranted against the MPDC.

Furthermore, the court did not order service upon the MPDC, because the MPDC is not an entity capable of being sued. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held," i.e., Louisiana. To enjoy the capacity to be sued under Louisiana law, an entity must qualify as a "juridical person." *Dejoie v. Medley*, 945 So.2d 968, 972 (La. App. 2d Cir. 2006) (citations omitted). This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24. However, there is no evidence that the MPDC is so structured. Rather, by all indications, the MPDC is a parish corrections facility operated by the Morehouse Parish Sheriff. Indeed, the sheriff is charged with operating the parish jail and ensuring that the inmates receive proper care. *Oladipupo v. Austin*, 104 F. Supp.2d 626, 641 (W.D. La. 2000) (citing La. R.S. § 15:704); *Langley v. City of Monroe*, 582 So.2d 367, 368 (La. App. 2d Cir. 1991) (citations omitted). Accordingly, defendant, MPDC, cannot be sued and must be dismissed from the case.[1]

For the foregoing reasons,

**IT IS RECOMMENDED** that the motions for default judgment [doc. # 21] and for entry of default [doc. # 20] filed by pro se plaintiff Terry A. Lewis be **DENIED**.

---

[1] The court possesses the inherent authority to dismiss the MPDC sua sponte. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also, Spann v. Woods*, 66 F.3d 322, 1995 WL 534901 (5th Cir. 1995) (the district court sua sponte dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer); *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties).

**IT IS FURTHER RECOMMENDED** that defendant, Morehouse Parish Detention Center, be **DISMISSED** from the case.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of April 2010.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE